■ CONTINENTAL DYNAMICS CORPORATION, Appellant, v LEONARD KANTER et al., Respondents.—In an action for injunctive relief and damages arising out of employment agreements entered into between the parties, plaintiff appeals from an order of the Supreme Court, Nassau County, entered February 16, 1978, which granted the defendants' motion for summary judgment. Order modified, on the law, by (1) adding to the first decretal paragraph thereof, immediately after the word "granted", the following: "only to the extent of the first, second, eighth and ninth causes of action" and (2) deleting the third decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements. The plaintiff corporation sells general factory and office equipment. Until May 4, 1977, the individual defendants were employed by the plaintiff as salesmen, pursuant to employment contracts. These contracts contained covenants whereby each of the individual defendants agreed that for "two years following any termination of your employment you shall not * * * sell or solicit sales * * * for any commodity similar to or competitive with any commodity then handled by us to any of our customers in any territory at any time assigned to you during the course of your employment by us." When the individual defendants left the plaintiff's employ, they formed defendant Northeast Handling Co., Inc., which competes with the plaintiff in the same type of business, and has solicited sales from the plaintiff's customers. There is no evidence in the record that the individual defendants performed unique services for the plaintiff, or were privy to trade secrets. Consequently, the covenants not to compete are not enforceable (see *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496). Since the names of potential customers were readily ascertainable from public sources, the defendants' solicitation of the plaintiff's customers from casual memory is not a legally cognizable wrong (see *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 391). However, where customer lists do not rise to the level of trade secrets, an employee's "physical taking" or "studied copying" of such lists may, nevertheless, form the basis for a cause of action for unfair competition *(Leo Silfen, Inc. v Cream, supra,* p 392; *Lincoln Steel Prods. v Schuster,* 49 AD2d 618, app dsmd 38 NY2d 738). The statements, under oath, by the plaintiff's officials that defendant Kanter did not return customer lists and that papers were missing from defendant Levine's file cabinet, create an issue of fact as to whether the defendants physically appropriated customer lists prepared by the plaintiff. Therefore summary judgment should not have been granted with respect to the third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth and thirteenth causes of action, which allege that the defendants appropriated customer lists and leads. Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.