### (July 20, 1981)

■ BORNE CHEMICAL COMPANY, INC., Appellant, v HERMAN DICTROW et al., Respondents. — In an action, *inter alia,* for an injunction, an accounting and to recover damages, arising out of the alleged breach of a contractual agreement

not to compete, alleged violations of section 180.03 of the Penal Law and section 340 of the General Business Law, and alleged unfair competition and unfair business practices, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Santucci, J.), dated April 17, 1980, which, after a nonjury trial, dismissed its complaint on the merits. Judgment modified, on the law, by deleting the provision dismissing the first cause of action. As so modified, judgment affirmed, the first cause of action is reinstated and a new trial is granted as to that cause of action in accordance herewith, with costs to abide the event. Defendant Herman Dictrow was the principal owner and officer of Academy Printing & Specialty Co., Inc. (Academy), which manufactured product packaging. By contract dated July 18, 1972, Herman Dictrow and the other shareholders of Academy sold their interests therein to Hydro Electronics Corporation. The contract of sale contained the following covenant not to compete: "Each Seller, other than Morris Dictrow, agrees that from and after the closing, and until such time, if any, as Sellers or any of them, shall reacquire title to the capital stock of the Company [Academy] pursuant to the provisions of paragraph 2(e) hereof, he will not, unless acting as an officer or employee of the Company, or with the Buyer's prior written consent, directly or indirectly, own, manage, operate, join, control, or participate in, or be connected as an officer, employee, partner, or otherwise with any business under any name similar to the Buyer's name, the Company's name, or the name of 'Dictrow', but the limitation or use of 'Dictrow' shall be only in connection with a business in the same field as the Company or the buyer, and that for a period of five (5) years after the Closing, he will not in any such manner directly or indirectly compete with the Company or become interested in any competitor of, the Company or the Buyer. The Sellers, other than Morris Dictrow, acknowledge that the remedy at law for any breach by either of them of the foregoing will be inadequate, and that the Company and the Buyer shall be entitled to injunctive relief." As part of the sale the buyer, Hydro Electronics, agreed to enter into an employment contract with Herman Dictrow on terms which were annexed to the contract of sale. The employment contract, which was also executed on July 18, 1972, was for a term of three years, with two possible three-year extensions. It contained the following restrictive covenant: "You [Herman Dictrow] acknowledge that the operations of the Company [Academy] are intended to be nationwide. During the term provided in Paragraph 2 as from time to time and for three (3) years thereafter, you will not at any time or at any place within any of the States of the United States or the District of Columbia, in which the Company operates at the time of termination of your employment, directly or indirectly, own, manage, operate, control, be employed by, act as agent for, participate in, or be connected in any manner with the ownership, management, operation or control of any business similar to or competitive with the business or businesses conducted by the Company. In the event of any termination of your employment, the phrase 'business or businesses conducted by the Company' used in the immediately preceding sentence of this Paragraph 9 shall mean the business conducted or proposed to be conducted by the Company, its subsidiaries or any other subsidiaries of the Company at the date of such termination." Thereafter, Hydro Electronics merged with the plaintiff, Borne Chemical Company (Borne), and the latter succeeded to its ownership of Academy and to its rights under both contracts. Herman Dictrow remained with Borne as president and chief executive officer of its Academy division until he was discharged on January 15, 1979. In the spring of 1979, Dictrow organized Majestic Packaging Co. (Majestic). Although Dictrow's wife is the record owner of Majestic, Trial Term found that, in fact, he was its principal operating officer. Majestic then entered into direct competition with the Academy division of Borne. Borne

commenced this action against Herman Dictrow, his wife Marilyn, Majestic, and two of Borne's former employees, Frank Conigliaro and Ira Breakstone. The first cause of action asserted in Borne's complaint alleged that Dictrow, through Majestic and its nominal owner Marilyn Dictrow, was competing against it in violation of the covenant against competition in his employment contract with Borne. The second cause of action alleged that Dictrow had violated section 180.03 of the Penal Law proscribing commercial bribery and had violated section 340 of the General Business Law proscribing agreements to acquire a monopoly or in restraint of trade by his entering into agreements with Borne's employees and/or agents Conigliaro and Breakstone to divert customers from Borne to Majestic. The third cause of action alleged that the defendants had engaged in unfair competition and unfair business practices. After a nonjury trial, Trial Term dismissed the complaint. The first cause of action must be reinstated and a new trial granted as to it. Implicit in the sale of a business, unless expressly reserved, is the sale of its "good will". Consequently, the seller of a business will not be permitted to undermine that good will by soliciting his former customers (Mohawk Maintenance Co. v Kessler, 74 AD2d 511, affd 52 NY2d 276, 283-287). Trial Term should determine whether defendants did solicit the business of any of the customers of Borne which had previously been customers of Academy at the time of its sale. If such solicitation is proven, Trial Term should determine whether it resulted in a diversion of their trade from Borne to Majestic, thereby entitling Borne to damages. Plaintiff has requested injunctive relief against such solicitation, but on appeal defendants have alleged that the Academy division of Borne has become bankrupt and that its plant has been closed. At the new trial it should be determined whether Borne's Academy division has indeed failed, and if so, whether there remains any good will to be protected by injunctive relief (see Greenslete v Ferguson, 191 App Div 745; 25 NY Jur, Good Will, § 6; 38 CJS, Good Will, § 2). We agree with Trial Term that the plaintiff has failed to prove a violation of the covenant against competition contained in the contract of sale since that covenant expired five years after the closing and prior to the time Borne discharged Dictrow from its employment and before he founded a competing business. However, depending upon the facts developed at the new trial, Borne may prevail in its request for enforcement of the covenant against competition contained in the employment agreement. Although generally such agreements are unenforceable absent a showing that the employee's skills are unique or that he has knowledge of the employer's trade secrets (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499; Continental Dynamics Corp. v Kanter, 64 AD2d 975), where the restrictive covenant has been agreed to in conjunction with the sale of the employee's business, the covenant, if reasonable, will be enforced (Mohawk Maintenance Co. v Kessler, 74 AD2d 511, supra). The covenant in the case at bar enjoined competition by Dictrow "at any place within any of the States of the United States or the District of Columbia, in which the Company operates at the time of termination of [his] employment" for a period of three years thereafter. Borne has limited its request for injunctive relief to the area encompassed within a 150-mile radius of its Glendale, New York, office. As thus limited, the covenant is not unduly restrictive, either in terms of place or duration, and the clause is therefore reasonable. However, enforcement of its provisions must turn upon the resolution of one further issue only alluded to at trial. In cases of involuntary discharge, if the employment has been terminated by the employer without cause, the employer will not be permitted to invoke the covenant (Post v Merrill Lynch, Pierce, Fenner & Smith, 48 NY2d 84, 88-89). In the present case, witnesses for Borne testified that Dictrow had been fired for incompetence. Counsel for Dictrow unsuccessfully attempted, through cross-

examination of these witnesses, to establish that the termination had been for other than good cause. However, neither of the parties focused upon this issue and the court made no findings in this respect. As resolution of this issue is critical to the determination of whether the covenant against competition should be enforced, it should be fully litigated upon remand. Should it be found that the covenant is enforceable, Trial Term should then determine to what extent Borne had been damaged by the competition. Concerning the request for a judgment enjoining future competition in accordance with the terms of the restrictive covenant, we note that if the Academy division has ceased operating and in effect is no longer in competition, the injunctive relief should be denied. Finally, the dismissal of the second and third causes of action asserted in plaintiff's complaint was proper. Trial Term found as a fact from conflicting testimony that any improper offers by Dictrow to Conigliaro and Breakstone had not been accepted by them and had not resulted in a diversion of business from Borne. Since the finding turned upon credibility, the determination of the trier of the facts who saw and heard the witnesses should be accorded the greatest weight (see *Amend v Hurley,* 293 NY 587, 594; *Barnet v Cannizzaro,* 3 AD2d 745, 747). Trial Term's finding in this regard is supported by the evidence and is therefore affirmed. Damiani, J.P., Mangano, Rabin and Gulotta, JJ., concur.