■ Epic Chemicals, Inc., Respondent, v Marvin Gordon, Defendant, and Sanolite Chemical Corp. et al., Appellants. — In an action, *inter alia,* to recover damages for breach of a restrictive covenant in a contract of employment, defendants Sanolite Chemical Corp. and Norman Lubin appeal from an order of the Supreme Court, Kings County (Kartell, J.), dated June 2, 1982, which, *inter alia,* denied their motion for a protective order seeking to prevent the production at an examination before trial of certain documents demanded by the plaintiff. Order modified (1) by deleting from the first decretal paragraph the word "denied" and substituting therefor the words "granted to the extent indicated herein" and (2) by deleting from the second decretal paragraph, at the end of the first numbered subdivision, the words "to the present"

and substituting therefor the words "through September, 1981". As so modified, order affirmed, without costs or disbursements. In January of 1976, plaintiff, a corporation engaged in the sale of industrial chemical products, hired defendant Marvin Gordon as a sales representative, pursuant to a written agreement containing the following restrictive covenant: "(2) Upon the termination of his employment whether termination occurs by discharge, or otherwise, Employee shall not directly or indirectly engage in any phase or type of business conducted by the Employer in the territories assigned to him during his employment and either as an individual or on his own account, or as a partner or joint venturer, or as an officer, director or stockholder of a corporation, or otherwise, for a period of one year after the date of termination of his employment hereunder. This covenant on the part of Employee shall be construed as an agreement, and the existence of any claim or cause of action of the Employee against the Employer, whether predicated on this agreement or otherwise, shall not constitute a defense to the enforcement by the Employer of this covenant. (3) Employee shall not, for the period of one year after the commencement of his employment hereunder, contact, solicit or accept any business relating to detergents, dishwashing compounds, detergent dispensing equipment, cleaning compounds or floor maintenance products from any customer of Employee's previous employer whom the Employee contacted for such employer within the period of one year prior to the termination of such prior employment." Subsequently, in September of 1980, Gordon terminated his employment with the plaintiff and began working for a competitor of the plaintiff, defendant Sanolite Chemical Corp., whereupon the plaintiff commenced this action against Gordon for breaching the afore-mentioned restrictive provision, and against Sanolite and its president, Norman Lubin, *inter alia,* for wrongfully inducing Gordon's breach. The order appealed from arose during the course of discovery, when the plaintiff requested that defendant Lubin produce at his examination before trial, *inter alia,* "All purchase orders, invoices and any other document relating to or involving the sale of Sanolite products made by Marvin Gordon to any person, corporation or other business entity within the New York City Metropolitan Area, Westchester County, Nassau and Suffolk Counties, New Jersey and Connecticut from September, 1980 until the present." Defendants Sanolite and Lubin thereupon moved for a protective order claiming that the plaintiff's request was too broad, and that it required the disclosure of trade secrets to a competitor. Special Term, *inter alia,* denied the motion and this appeal followed. We begin by noting that the plaintiff's request is undoubtedly relevant to this action, as it seeks to establish to what extent, if any, defendants Sanolite and Lubin may have engaged in tortious conduct as well as the damages to plaintiff arising therefrom (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). Moreover, while the courts have acted to protect customer lists as trade secrets where the customers in question are not known in the trade or are discoverable only through extraordinary efforts, they have not been regarded as trade secrets where they are readily ascertainable (see *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Leo Silfen, Inc. v Cream,* 29 NY2d 387; *Hecht Foods v Sherman,* 43 AD2d 850). Here, the potential customers of both plaintiff and defendant Sanolite are businesses or institutions requiring large quantities of cleaning products, such as restaurants and other institutions which engage in the preparation of food on a large scale, and as such they are readily ascertainable. Therefore, the defendant Sanolite's customer list cannot be regarded as a trade secret. Special Term did abuse its discretion, however, in mandating the production of documents covering the period from September, 1980 *to the present.* This request is too broad. By the terms of the employment agreement, the restrictive covenant was limited to a period of one year after the termina-

tion of Gordon's employment. Thus, since Gordon terminated his employment with the plaintiff in September of 1980, documents relating to the period after September of 1981 cannot be considered relevant. Special Term's order should be modified accordingly. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.