## (July 16, 1984)

■ AMERICAN PRINTING CONVERTERS, INC., Respondent, v JES LABEL & TAPE, INC., et al., Appellants. — In an action, *inter alia,* for a permanent injunction, money damages and an accounting based on infringement of a trade secret and employee disloyalty, the defendants appeal from (1) a judgment of the Supreme Court, Queens County (Samenga, J.), entered December 3, 1982, which, after a jury trial, was in favor of the plaintiff, (2) an order of the same court entered

June 8, 1983, which, *inter alia,* directed an accounting, and (3) an amended order of the same court entered June 15, 1983. ¶ Judgment and orders reversed, on the law and the facts, without costs or disbursements, and complaint dismissed. ¶ The evidence established that no extraordinary efforts are necessary to ascertain the identity of potential users of the product, namely, pressure sensitive labels, manufactured by the corporate plaintiff. On the contrary, it appears that potential customers can be ascertained with relative ease by reference to publications or by simply canvassing an industrial area. Labels are sold to a widely diversified group of industries. An officer of the plaintiff corporation testified that it is accepted that commissioned salesmen solicit customers of their former employers, although former salaried employees were not supposed to engage in such solicitation. Plaintiff is not the exclusive supplier of labels to its various customers and has actual contracts with approximately 6 out of approximately 500 customers. There is also uncontradicted evidence that defendant Esther Scattoreggio became aware of at least one of plaintiff's customers from another prior employer of hers and that John Scattoreggio, another officer of the corporate defendant, became aware of at least one of plaintiff's customers through a separate former employer of his. In short, the label business is highly competitive, and the potential customers of label manufacturers constitute an open market. ¶ Under these circumstances, the plaintiff's customer list cannot qualify as a trade secret. Although the plaintiff invested the time and effort of its salesmen in developing a clientele, this investment was not an attempt to create a new market (cf. *Town & Country House & Home Serv. v Newbery,* 3 NY2d 554). Rather, the investment reflects "simply widespread canvassing of an obvious and highly competitive market" (*Leo Silfen, Inc. v Cream,* 29 NY2d 387, 394). In the absence of any proof that the customers on plaintiff's list are not otherwise ascertainable, such list is not entitled to trade secret protection (*Leo Silfen, Inc. v Cream, supra; Epic Chems. v Gordon,* 95 AD2d 820; *Continental Dynamics Corp. v Kanter,* 64 AD2d 975). Further, the record in this case is devoid of any proof that defendant Esther Scattoreggio copied the list, and the admitted fact that defendants solicited a relatively small number of plaintiff's customers does not permit the inference that she memorized the list. Thus, no cause of action for unfair competition has been established (*Continental Dynamics Corp. v Kanter, supra; Lincoln Steel Prods. v Schuster,* 49 AD2d 618, app dsmd 38 NY2d 738). Also, while the evidence supports the theory that defendant Scattoreggio secretly formed the defendant corporation while still in plaintiff's employ, such conduct does not, without more, constitute actionable employee disloyalty (*Maritime Fish Prods. v World Wide Fish Prods.,* 100 AD2d 81). Finally, we note that it was error to exclude an officer of the corporate defendant from the courtroom during a portion of the trial, where there were no unusual circumstances (*Lunney v Graham,* 91 AD2d 592; *Carlisle v County of Nassau,* 64 AD2d 15). Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.