■ CATALOGUE SERVICE OF WESTCHESTER, INC., Respondent, v MAUDE HENRY, Appellant. — In an action, *inter alia,* to enjoin a former employee from procuring and soliciting sales from plaintiff's customers, defendant appeals from an order of the Supreme Court, Westchester County (Burchell, J.), entered June 11, 1984, which granted plaintiff's motion for a preliminary injunction to the extent of enjoining defendant from soliciting and procuring orders from any of her former employer's customers.

Order reversed, on the law and in the exercise of discretion, with costs, and motion denied.

Plaintiff is in the business of printing catalogues and brochures for manufacturers, importers and distributors which market their merchandise by mail. It hired defendant as a salesperson in July, 1982, on a commission and at will basis. A dispute arose and defendant left plaintiff's employment and began to work for a competitor. Plaintiff thereafter commenced

this action seeking, *inter alia,* to enjoin defendant from soliciting and procuring sales from its customers.

On an application for a preliminary injunction, plaintiff, by an affidavit of its vice-president, asserted that defendant had been using "confidential, trade-secret information to siphon off" its customers. Defendant, opposing the motion, explicitly stated that she had been a mere salesperson and that there "were no trade secrets which were imposed in [*sic*] me by the plaintiff, nor was a list of customers ever given or made available to me by plaintiff". Despite the clear factual conflict, Special Term, without an evidentiary hearing and without requiring an undertaking, enjoined defendant "during the pendency of this litigation from soliciting and procuring orders from any of her former employer's customers". We stayed enforcement of the order pending determination of this appeal and we now reverse.

It is basic law that absent a covenant not to compete (and none was contained in the employment agreement), an employee is free to compete with his or her former employer unless trade secrets are involved or fraudulent methods employed, and "that remembered information as to specific needs and business habits of particular customers is not confidential" (*Anchor Alloys v Non-Ferrous Processing Corp.,* 39 AD2d 504, 507, mot for lv to app den 32 NY2d 612; see, also, *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398, 402; Mandel, The Preparation of Commercial Agreements [1978 ed], p 178; Ann., 28 ALR3d 7). Knowledge of the intricacies of a business operation does not necessarily constitute a trade secret and absent any wrongdoing it cannot be said that a former employee "should be prohibited from utilizing his knowledge and talents in this area" (*Reed, Roberts Assoc. v Strauman, supra,* p 309). Nor will trade secret protection attach to customer lists where such customers are readily ascertainable from sources outside the former employer's business (*Reed, Roberts Assoc. v Strauman, supra; Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392; Ann., 28 ALR3d 7).

Plaintiff's evidentiary showing falls far short of establishing that defendant obtained or improperly utilized any confidential information (see Mandel, The Preparation of Commercial Agreements [1978 ed], pp 184-185; Prosser & Keeton, Torts [5th ed], § 130, pp 1022-1023; Restatement, Torts, § 757; Ann., 28 ALR3d 7, § 7, p 37; § 10, p 41; cf. *Peerless Pattern Co. v Pictorial Review Co.,* 147 App Div 715). Consequently, preliminary injunctive relief was unwarranted.

Finally, we note that, in any event, Special Term should not have issued a preliminary injunction without mandating compliance with "New York's long-standing policy of requiring the

plaintiff to furnish security as a prerequisite" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.08; see CPLR 6312, subd [b]). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.