■ ZURICH DEPOSITORY CORPORATION, Respondent, v MARC R. GILENSON et al., Appellants.—In an action, inter alia, for a permanent injunction, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 17, 1985, as, upon renewal and reargument, vacated a prior order of the same court, dated January 16, 1985, and granted the plaintiff's motion for a preliminary injunction enjoining the defendants, inter alia, from using, disclosing or soliciting customers from any name and address list, prospect list or customer list belonging to the plaintiff.

Order reversed insofar as appealed from, on the law, with costs, and motion for a preliminary injunction denied.

A party seeking a preliminary injunction has the burden of demonstrating "(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors [the movant's] position" *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306, and cases cited therein). We have reviewed the papers that were before Special Term on the motion and conclude that the plaintiff failed to meet its burden of demonstrating a likelihood of ultimate success in the action. In order to sustain that burden, the movant must demonstrate that the right on which it seeks to ultimately prevail " 'is plain from the undisputed facts [and] [i]f the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted' " *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747, quoting from *Jaymar's Inc. v Schwartz,* 37 Misc 2d 314, 316).

It is alleged that the plaintiff and the defendant Central Federal Savings and Loan Association (hereinafter Central Federal) are competitors in the business of storing corporate data and records and that the defendant Marc Gilenson, a former employee of the plaintiff who resigned to accept a position with Central Federal, had utilized the plaintiff's confidential lists of current and prospective customers for the purpose of soliciting business on behalf of his new employer. However, it is fundamental that in the absence of a restricted covenant not to compete (there was none in this case), "an employee is free to compete with his or her former employer unless trade secrets are involved or fraudulent methods employed" *(Catalogue Serv. v Henry,* 107 AD2d 783, 784).

The motion papers contained evidence that the names appearing in the plaintiff's list of prospective customers, to which the defendant Gilenson concededly had access while in the plaintiff's employ, were readily ascertainable in a trade directory, thereby creating an issue as to whether the list was entitled to trade-secret protection *(see, Leo Silfen, Inc. v Cream,* 29 NY2d 387; *American Print. Converters v JES Label & Tape,* 103 AD2d 787). Furthermore, the plaintiff failed to demonstrate that extraordinary efforts had been used in order to obtain the information compiled in its prospect list *(cf. Town & Country House & Home Serv. v Newbery,* 3 NY2d 554; *Hecht Foods v Sherman,* 43 AD2d 850). The only evidence proffered by the plaintiff on this point was contained in the affidavit of its manager of operations, who stated, without

elaboration, that two full-time salesmen and a secretary had worked on the project for 13 months at a total cost of $250,-000. However, that evidence was countered by evidence that the plaintiff had merely engaged in telephone canvassing of businesses in an attempt to develop a clientele in an already competitive market, and such evidence militates against a finding that the plaintiff would likely succeed on its trade-secret claim *(see, American Print. Converters v JES Label & Tape, supra).* Also, the plaintiff failed to demonstrate that the other information contained in its prospect list was not "read-ily available and freely communicated" within the industry *(Scott Paper Co. v Finnegan,* 101 AD2d 787, 788). In fact, there was evidence that, in certain instances, prospective customers had actually volunteered information such as price quotations from competitor companies in order to obtain a better deal.

Nor are we persuaded by the plaintiff's contention that it demonstrated a likelihood of success on its cause of action to recover damages for unfair competition. The moving papers do not provide evidentiary support for the bare assertion that the defendant Gilenson stole, copied or deliberately studied the prospect list with the intention of using the information therein to compete unfairly with the plaintiff, or that he engaged in wrongful or fraudulent tactics *(see, Leo Silfen, Inc. v Cream, supra,* p 392; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398). The mere recollection of such infor-mation as a result of casual memory is not actionable *(see, Catalogue Serv. v Henry, supra,* p 784; *Continental Dynamics Corp. v Kanter,* 64 AD2d 975).

In sum, the plaintiff failed to make the requisite evidentiary showing that it is likely to succeed on the merits, and, there-fore, a preliminary injunction was not warranted. However, in so holding, we express no view regarding the ultimate deter-mination of the merits, which must await further proceedings in the trial court. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.