(February 17, 1987)

■ ALLAN DAMPF, P. C., Respondent, v RICHARD BLOOM, Appellant.—In an action to recover damages for unfair competition and for injunctive relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Kelly, J.), dated March 10, 1986, which, after a nonjury trial, is in favor of the plaintiff and against him on the issue of liability, and enjoins him from using the plaintiff's computerized list of dental patients.

Ordered that the order and judgment is affirmed, with costs.

The defendant, Richard Bloom, was an associate dentist in the plaintiff's office from late 1980 until October 13, 1984. During the first weekend in October 1984, the plaintiff took a four-day vacation and left Dr. Bloom in charge of the office. During this time, Dr. Bloom made a photostatic copy of the plaintiff's computer-generated "recall list" which contained all of its patients' names, addresses, telephone numbers, dates of last appointments, and dates due for next checkup. This list

was kept in the receptionist's front desk and the computer was kept in Dr. Dampf's home for security reasons. Additionally, Dr. Bloom appropriated a stenography book from the receptionist's desk which contained the names of patients he had treated, the services he had provided, and the fees billed to them. Upon returning from his vacation, Dr. Dampf discovered Dr. Bloom's appropriation of these lists, and also learned that Dr. Bloom had entered into a lease for an office a block away from the plaintiff's office. Although Dr. Bloom denied having taken and copied the computer-generated recall list, the plaintiff nevertheless fired him as a result of his conduct. Thereafter, Dr. Bloom opened his own office and began soliciting the plaintiff's patients. He directed his staff to telephone patients from the recall list with upcoming checkup due dates in order to make appointments for them in his new office.

Based upon the foregoing evidence, the trial court properly awarded judgment in favor of the plaintiff. The defendant had engaged in unfair competition with the plaintiff by his misappropriation and exploitation of confidential information in abuse of his relationship of trust with the plaintiff and his improper use of this information to solicit the plaintiff's patients *(Leo Silfen, Inc. v Cream,* 29 NY2d 387; *American Print. Converters v JES Label & Tape,* 103 AD2d 787; *see also, Werlin v Reader's Digest Assn.,* 528 F Supp 451). Moreover, the defendant converted protected trade secrets from the plaintiff when he copied and used the information on the recall list to solicit and divert those patients. The due dates contained therein are not readily ascertainable inasmuch as they had been obtained through past treatments by Dr. Dampf and his judgment concerning the frequency of future checkups for each patient, and the personal information of each patient had been secured by years of efforts and advertising by the plaintiff *(see, Leo Silfen, Inc. v Cream, supra; American Print. Converters v JES Label & Tape, supra).*

In addition, we note that the proper measure of damages for unfair competition and the misappropriation and exploitation of confidential information is the loss of profits sustained by reason of the improper conduct. Therefore, in this case, the plaintiff's damages are limited to lost profits resulting from the defendant's actual diverting and treatment of patients *(see, Town & Country House & Home Serv. v Newberry,* 3 NY2d 554; *Barone v Marcisak,* 96 AD2d 816). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.

■ AMERICAN RELIANCE INSURANCE COMPANY, Formerly