■ NORMAN LEVINE et al., Appellants, v LEO BOCHNER et al., Respondents.—In an action to recover damages, inter alia, for unfair competition and tortious interference with contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Owen, J.), entered June 19, 1986, which, upon the defendants' motions for summary judgment, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

The defendant Bochner, an insurance broker, worked for the plaintiffs for 25 years before resigning to work for the defendant Greenbaum, Stern and Friedman, Inc. (hereinafter GSF). The plaintiffs brought this action after losing 26 of their clients to GSF, alleging that Bochner had improperly photocopied their files and had solicited these clients on behalf of GSF while still employed by the plaintiffs. In their motions for summary judgment, the defendants submitted affidavits and portions of the plaintiffs' depositions which established that the plaintiffs' causes of action were without merit. The court properly granted summary judgment when the plaintiffs failed to meet their burden of establishing the existence of factual issues requiring a trial (see, GFT Mktg. v Colonial Aluminum Sales, 66 NY2d 965).

It is well established that solicitation of an employer's customers by a former employee is not actionable unless the customer list could be considered a trade secret or there was wrongful conduct by the employee, such as physically taking or copying the employer's files or using confidential information (see, Reed, Roberts Assocs. v Strauman, 40 NY2d 303, rearg denied 40 NY2d 918; Leo Silfen, Inc. v Cream, 29 NY2d 387; Zurich Depository Corp. v Gilenson, 121 AD2d 443).

An insurance company's customer list is generally not considered to be a trade secret (see, e.g., Cool Insuring Agency v Rogers, 125 AD2d 758; Reidman Agency v Musnicki, 79 AD2d 1094). The plaintiffs contend that Bochner had extensive knowledge of their clients' insurance needs which he

misappropriated for the benefit of GSF. Bochner contends that he did not contact the clients on behalf of GSF until after he resigned from the plaintiffs' firm and that these clients changed firms because of the personal relationship he had cultivated with them over the years. He denied photocopying any files, stating that he knew his clients' insurance portfolios "by rote".

In the face of the facts asserted by Bochner, the plaintiffs failed to offer any evidentiary proof that Bochner had copied these particular clients' files or that he had used any confidential information. The use of information about an employer's customers which is based on casual memory is not actionable *(see, Leo Silfen, Inc. v Cream, supra; Catalogue Serv. v Henry,* 107 AD2d 783). Furthermore, the plaintiffs failed to establish that the information used by Bochner was anything other than information which could be obtained by any insurance agent reviewing these clients' policies *(see, Cool Insuring Agency v Rogers, supra).*

The plaintiffs offered only conclusory allegations that Bochner had solicited clients for GSF while still in their employ. Contrary to their allegations, the plaintiffs stated in their depositions that the notices from clients changing their authorization to GSF were not received until after Bochner resigned, and they confirmed that many of the clients had a family or personal relationship with Bochner. Similarly, the plaintiffs failed to offer facts to support their cause of action to recover damages for tortious interference with contractual relations made against GSF. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.