■ ADVANCED MAGNIFICATION INSTRUMENTS OF ONEONTA, N. Y., LTD., et al., Appellants, v MINUTEMAN OPTICAL CORPORATION et al., Respondents. (Action No. 1.) BRILLEN INTERNATIONAL OPTICAL, INC., Appellant, v MINUTEMAN OPTICAL CORPORATION et al., Respondents. (Action No. 2.) —Yesawich, Jr., J. Appeals from two judgments of the Supreme Court (Harlem, J.), in favor of defendants, entered June 19, 1986 in Otsego County, upon dismissals of the complaints at the close of evidence.

Brillen International Optical Corporation (hereinafter Brillen Corporation), which later changed its name to Advanced Magnification Instruments of Oneonta, N. Y., Ltd., plaintiff in action No. 1 herein, was engaged in the wholesale marketing of eyeglass frames via telephone. It employed defendant Francis Sullivan as sales manager from August 1974 to June 1976 and defendant James Rudloff as a salesman from July 1974 to August 1976. On leaving Brillen Corporation, Sullivan founded defendant Minuteman Optical Corporation (hereinafter Minuteman) and hired Rudloff to perform the same activity he had been involved in at Brillen Corporation. Shortly after Sullivan and Rudloff left, Brillen Corporation's sales, which had been growing dramatically since the business's inception in 1972, began to decline and by early 1977 the company was in financial distress. Brillen International Optical, Inc. (hereinafter Brillen, Inc.), a plaintiff in both actions Nos. 1 and 2 herein, was then formed to continue the business and it purchased the assets of the former company from an intermediate owner.

In the first of two actions, tried together, plaintiffs allege that between April 1976 and February 1977 Sullivan and Rudloff took confidential information from Brillen Corporation to use in the operation of Minuteman, thereby effecting a breach of fiduciary duty, unfair competition and fraud. The second action arises from the allegation by Brillen, Inc., that defendants induced one of its employees to obtain confidential information from the company for the benefit of defendants,

also said to constitute a breach of fiduciary duty, unfair competition and fraud. At the close of the evidence, Supreme Court dismissed both actions. Plaintiffs appeal; we reverse.

With respect to Supreme Court's concern that plaintiffs in action No. 1 had not proven themselves to be the real parties in interest, we note that defendants did not interpose this defense either on motion or in their pleadings; hence, plaintiffs were not obligated to offer proof on this point *(see, Massi v Alben Bldrs.,* 270 App Div 482, 485, *affd* 296 NY 767). This defense, not having been raised at trial, is waived *(see, Fox v McGrath,* 152 F2d 616, 618-619, *cert denied* 327 US 806; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR Prec 1001, at 351).

Turning to the dismissal for failure to establish a prima facie case and viewing the evidence in the light most favorable to plaintiffs *(see, Quinlan v Cecchini,* 41 NY2d 686, 687), we find actionable claims were made out for unfair competition. There is ample evidence in action No. 1 from which the jury could have concluded that Rudloff and Sullivan took a master list of customers, a list of accounts receivable and at least 150 customer information cards. Concededly, a customer list is not entitled to judicial protection if the information on it is readily ascertainable *(see, American Print. Converters v JES Label & Tape,* 103 AD2d 787, 788), but here there was testimony by persons engaged in the very same marketing endeavors as plaintiffs to the effect that the items when taken by Sullivan and Rudloff contained valuable confidential information. For instance, the master list, which embraced the entire United States, recited the extent of each customer's sales activity; the accounts receivable list furnished current information on the customer's credit rating; and, significantly, the customer cards indicated those customers susceptible to telemarketing (then a new marketing technique in the optical supplies field) and other information, some of it personal, relating to the customer and the operation of the customer's office, gathered by sales personnel in the course of developing and servicing the customers by telephone. That plaintiffs considered the information important and confidential should have been clear to Sullivan as it was his duty as sales manager for Brillen Corporation to collect printouts of the master list from the sales force and take them to the shredding room. Plaintiffs' evidence suggests that what transpired here is akin to that of an employee wrongfully appropriating his employer's customer files.

With regard to action No. 2, Brillen, Inc.'s evidence, should

it be credited by the jury, discloses that as a condition of joining the sales department at Minuteman, Gary Lipitz, then a salesman with Brillen, Inc., was required to bring with him his current customer list at Brillen, Inc. Furthermore, when he left Minuteman he was not given his last paycheck until he surrendered that list to Minuteman.

An employee's right to compete with his former employer is indeed protected, but this protection does not extend so far that an employee can, with impunity, unlawfully seize his employer's property *(see,* 36 NY Jur, Master and Servant, § 69, at 497 [1964]), in this case, customer information not easily obtainable elsewhere and which the employer has apparently gone to considerable expense and effort to create. That kind of employee conduct disadvantages the employer in a manner that is patently unfair *(see, Scott & Co. v Scott,* 186 App Div 518, 524-525; *accord,* 60 NY Jur, Trademarks, Tradenames, and Unfair Competition, § 113, at 186-189 [1968], citing *Ritter Ski Shop v Gustafsson,* 20 AD2d 637), the crux of an action for unfair competition *(see, Capitaland Heating & Cooling v Capitol Refrig. Co.,* 134 AD2d 721). In short, an employee's illegal physical taking or copying of an employer's files or confidential information constitutes actionable unfair competition *(see, Leo Silfen, Inc. v Cream,* 29 NY2d 387, 391-392; *Continental Dynamics Corp. v Kanter,* 64 AD2d 975; *see also, Levine v Bochner,* 132 AD2d 532). Here, in both suits, causes of action for unfair competition were made out sufficient to be given to the jury. On retrial, plaintiffs should be afforded an opportunity to develop further their proof as to damages.

Judgments reversed, on the law, with costs to abide the event, and matters remitted to the Supreme Court for a new trial. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.