■ ORKIN EXTERMINATING COMPANY, INC., Doing Business as ABALENE PEST CONTROL SERVICE, INC., et al., Appellants, v ROGER DAYTON et al., Respondents.—Mercure, J.

Defendant Roger Dayton was employed by plaintiff Abalene Pest Control Service, Inc., predecessor in interest to plaintiff Orkin Exterminating Company, Inc., as a pest control operator in a specified territory within Warren, Washington, Saratoga and Rensselaer Counties. Dayton executed an employment contract which restricted him, within the specified territory, from providing competing pest control services for a period of two years, or divulging the identity or address or soliciting the exterminating business of plaintiffs' customers for a period of three years, following his separation from plaintiffs' employ. Dayton terminated his employment on December 29, 1986. Plaintiffs allege without significant contradiction that, in direct violation of these covenants, Dayton and his wife formed a competing business which has since operated within Dayton's prior territory and successfully solicited the patronage of many of plaintiffs' customers.

Plaintiffs commenced this action, seeking injunctive relief only, and moved for a preliminary injunction enjoining defendants from operating their competing business within the subject territory. Supreme Court denied the motion and this appeal followed.

We affirm. Even viewing the evidence in a light most favorable to plaintiffs and, indeed, assuming that defendants have openly solicited the patronage of plaintiffs' customers to the considerable financial detriment of plaintiffs, the motion nevertheless must fail. A showing of likelihood of success on the underlying action is essential to the imposition of a preliminary injunction (see, Cool Insuring Agency v Rogers, 125 AD2d 758, 759, appeal dismissed 69 NY2d 1037; Family Affair Haircutters v Detling, 110 AD2d 745, 747). Within the context of enforcement of a noncompetition clause, the motion should be granted only where the right is plain from the undisputed facts (see, supra). We cannot say upon the facts presented here that it appears likely that plaintiffs will ultimately prevail in the action for a permanent injunction. Anticompetitive employment agreements will only be enforced to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists or where the employee's services are unique (see, Cool Insuring Agency v Rogers, supra, at 759; see also, American Broadcasting Cos. v Wolf, 52 NY2d 394, 403; Reed, Roberts Assocs. v Strauman, 40 NY2d 303, 308). Here, there is no suggestion that Dayton's services are unique or extraordinary or that trade secrets are involved.

The inquiry distills, then, to whether plaintiffs have established the need for injunctive relief either to protect their confidential customer list or as a result of other demonstrated wrongful or fraudulent tactics employed by Dayton in connection with the solicitation of plaintiffs' customers (see, Leo Silfen, Inc. v Cream, 29 NY2d 387, 392). Plaintiffs have not shown that Dayton physically appropriated, copied or intentionally memorized plaintiffs' confidential customer list (see, supra, at 391; see also, Family Affair Haircutters v Detling, supra, at 748) or that the customers were not ascertainable through sources other than such a list (see, American Executive Limousine Serv. v Nudo, 122 AD2d 755; Zurich Depository Corp. v Gilenson, 121 AD2d 443, 444). In fact, they have not even alleged the existence of a confidential customer list. Additionally, it appears that the likely customers for plaintiffs' services, i.e., restaurants, taverns, schools, hospitals and

other places which store and serve food products, are readily ascertainable from a source as conventional and available as a telephone book. At most, plaintiffs have established that Dayton gained familiarity with plaintiffs' customers and the amount that plaintiffs charged them for exterminating services through his employment experience, the product of casual memory (see, Leo Silfen, Inc. v Cream, supra, at 391). Finally, plaintiffs' allegations of fraud are controverted, creating factual issues precluding a grant of the extraordinary remedy of a preliminary injunction (see, supra, at 392; Cool Insuring Agency v Rogers, supra, at 759-760).

Order affirmed, with costs. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur.