■ GILMAN & CIOCIA, INC., Respondent, v DEBORAH REID, Doing Business as BETTER THAN TAX SERVICE, Appellant.—In an action for a permanent injunction and to recover damages, *inter alia,* for breach of contract and unfair competition, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 28, 1988, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The Supreme Court neither abused nor improvidently exercised its discretion in granting a preliminary injunction in favor of the plaintiff. The plaintiff, in its motion, demonstrated a prima facie right to permanent injunctive relief based on allegations that the defendant had misappropriated customer lists compiled by the plaintiff, and that she had used those lists for her own benefit in violation of her contractual and fiduciary obligations to the plaintiff *(see, Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392-393; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 173-174; *American Print. Converters v JES Label & Tape,* 103 AD2d 787; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398). Furthermore, because of the seasonal nature of the parties' business, i.e., the preparation of income tax returns, there was a particular need for immediate provisional relief at the time that the plaintiff's motion was made. In light of the plaintiff's allegations that several of its clients were being wrongfully diverted by the defendant during the most critical time of year for tax return

preparers, we conclude that the possibility of irreparable injury was adequately demonstrated, and that this factor, considered together with the plaintiff's likelihood of success on the merits, and the relative equities, warranted the issuance of a preliminary injunction *(cf., Zurich Depository Corp. v Gilenson,* 121 AD2d 443).

The preliminary injunction granted by the Supreme Court should not be vacated merely because the court failed to require the plaintiff to provide a suitable undertaking (CPLR 6312 [b]). However, the defendant is free to make application to the court in order to remedy this omission nunc pro tunc *(see, Wasus v Young Sun Oh,* 86 AD2d 753; *Olechna v Town of Smithtown,* 51 AD2d 1036). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.