■ NEW YORK STATE BUSINESSMEN'S GROUP, INC., Appellant, v JOSEPH DALTON, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 31, 1988 in Albany County, which denied plaintiff's motion for a protective order.

Plaintiff, a corporation engaged in facilitating and coordinating independent businessmen across upstate New York, particularly in the acquisition of low-cost medical insurance for its members, brought an action against defendant, a competitor, for defamation, unfair competition and tortious interference with contractual relations. The essence of the complaint is that defendant made disparaging remarks about plaintiff to the latter's suppliers and potential clients. During the course of discovery, defendant served a notice for discovery and inspection wherein demand number 1 sought to have plaintiff divulge its membership lists for the four years immediately preceding the lawsuit. Claiming that the membership lists were privileged matter (CPLR 3101 [b]), plaintiff moved for a protective order pursuant to CPLR 3103. Because of a typographical error, plaintiff's notice of motion requested that demand number 4, an unrelated and inoffensive demand, rather than demand number 1, be stricken. Supreme Court, *sua sponte,* determined that plaintiff's proper remedy was a motion brought under CPLR 3122, treated it as such and, because more than 10 days had elapsed since service of the notice to produce, concluded that plaintiff's motion was untimely. Because of these multiple procedural errors, plaintiff's motion was denied.

Although Supreme Court did not address plaintiff's principal argument, that its membership rolls are trade secrets and hence protected from disclosure, we do so and affirm. CPLR 3101 (b) affords limited disclosure protection to trade secrets *(see, Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 909), and customer lists qualify as trade secrets if the names on the list "are not known in the trade or are discoverable only through extraordinary efforts" *(Epic Chems. v Gordon,* 95 AD2d 820, 821). Given that plaintiff is bent on maintaining that the membership lists are immune to disclosure, it is incumbent upon plaintiff to demonstrate that the lists constitute trade secrets *(see, Herbst v Bruhn,* 106 AD2d 546, 549). But to meet this burden, all plaintiff offers are conclusory statements, contained in its attorney's affidavits, declaring that the lists are "confidential" business records and "trade secret[s]"; this is palpably insufficient *(see, Rooney v Hunter,* 26 AD2d 891). It may well be that there is merit to plaintiff's

privilege claim and that it is entitled to appropriate safeguards *(see, AGH Distribs. v Silvertone Fasteners,* 105 AD2d 648, 650), but that is not discernible from the record currently before us.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.