■ EXECULEASE CORP., Appellant-Respondent, v MARK JACOBS et al., Defendants, and CAVIN LEASING CORP., Respondent-Appellant.—In an action to recover damages, *inter alia,* for theft of trade secrets and confidential customer lists, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated August 31, 1990, as granted that branch of the cross motion of the defendant Cavin Leasing Corp. which was for summary judgment dismissing the complaint insofar as it is asserted against it, and the defendant Cavin Leasing Corp. cross-appeals from so much of the order as denied those branches of its cross motion which were to impose sanctions against the plaintiff and to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Execulease Corp. (hereinafter Execulease) is engaged in the business of leasing and servicing office equipment. This action arises from the conduct of the defendants

Mark Jacobs and Lucia Dente, former employees of Execulease, who allegedly misappropriated Execulease's trade secrets and customer lists. The complaint further alleges that the other named defendant Cavin Leasing Corp. (hereinafter Cavin), a competitor business that employed Jacobs as a salesman after he left Execulease, knowingly conspired and participated in the theft of customer lists and trade information. Cavin cross-moved, *inter alia*, for summary judgment dismissing the complaint, and requested sanctions against Execulease for bringing an "unfounded" suit against it.

The Supreme Court determined that a valid cause of action was pleaded in the complaint. However, it granted Cavin's motion for summary judgment dismissing the complaint because Execulease failed to raise a triable issue of fact indicating that Cavin participated in, advised, or directed Jacobs in the alleged perpetration of fraud against it. The court further declined to impose sanctions against Execulease.

The Supreme Court properly granted summary judgment in favor of Cavin. Execulease alleged that Jacobs and Dente had misappropriated customer lists compiled by it, and that Jacobs had used those lists in violation of his fiduciary obligations *(see, Gilman & Ciocia v Reid,* 153 AD2d 878; *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392-393). Where such a breach of fiduciary duty is established, third parties who have knowingly participated in the breach may be held accountable *(see, Schneider Leasing Plus v Stallone,* 172 AD2d 739; *Marcus v Marcus,* 92 AD2d 887). In the present case, while the complaint alleges that Cavin knowingly encouraged and participated in the purported breach of fiduciary duty committed by Jacobs and Dente, the material submitted by Execulease in opposition to the motion for summary judgment failed to raise a triable issue of fact indicating knowing participation of Cavin in Jacobs's and Dente's alleged improper conduct.

The imposition of sanctions against Execulease for bringing this action against Cavin is not warranted pursuant to 22 NYCRR part 130. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.