■ HBD Inc., Respondent, v Ann B. Ryan, Appellant. [610 NYS2d 300] —In an action to recover damages for breach of a noncompetition covenant in an employment agreement, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), entered June 16, 1992, as granted that portion of her motion for a protective order which was to quash the plaintiff's demand for a list of all customers for whom she prepared income tax returns from January 1, 1986, through May 1, 1992, to the extent of directing her to produce a list of every customer that she had serviced since she left the plaintiff's employ.

Ordered that the order is affirmed insofar as appealed from, with costs.

In January 1990 the parties entered into an employment contract which contained a noncompetition covenant prohibiting the defendant from preparing an income tax return for any of the plaintiff's customers within a 25-mile radius of the City of New York during the two-year period following the termination of her employment. In September of that year the defendant's employment was terminated. She subsequently engaged in income tax return preparation in Richmond County.

In April 1992 the plaintiff commenced this action alleging, *inter alia,* that the defendant breached the noncompetition clause contained in the employment agreement. During the course of discovery the plaintiff sought a list of all of the individuals for whom the defendant prepared income tax returns "for each year from January 1, 1986 through and including the date hereof". In response to the defendant's motion to limit that discovery demand as overly broad the Supreme Court directed the defendant to provide the plaintiff with a list of every customer that she had serviced since she left the plaintiff's employ in September 1990.

The Supreme Court did not improvidently exercise its discretion in permitting discovery of the list of the defendant's customers from the date that she left the plaintiff's employ until the date of the court's order, which was within two years of the plaintiff's discharge, as that list is clearly relevant in establishing whether the defendant breached the noncompetition clause of the employment agreement, and the demand, as modified by the court, is not unduly burdensome (*cf., EPIC Chems. v Gordon,* 95 AD2d 820). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.