■ COMPREHENSIVE COMMUNITY DEVELOPMENT CORPORATION, Respondent, v JOAN G. LEHACH, Appellant. [636 NYS2d 755] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 28, 1994, which denied defendant's motion for summary judgment dismissing the complaint and upon her first counterclaim for breach of contract, unanimously affirmed, with costs.

Defendant was a staff physician specializing in the treatment of allergies with plaintiff community health center from May 1990 until May 1991, when her employment was terminated. Plaintiff alleges, *inter alia*, that defendant misappropriated various patient records from its office, thus wreaking havoc on its ability to provide continuous care to its patients in wanton disregard for their well-being, and then used those records to solicit its patients for her private practice.

The IAS Court properly rejected defendant's contention that the cause of action for conversion, based on defendant's alleged misappropriation and unauthorized exclusive control of more than 500 of plaintiff's medical records to plaintiff's exclusion, must fail where the evidence, at this point, merely establishes that defendant retained copies of the documents (cf., *Harper & Row, Publs. v Nation Enters.*, 723 F2d 195, revd on other grounds 471 US 539). Retention of copies may be found to be conversion under the circumstances, especially if the originals were missing.

The second cause of action was properly sustained as it alleges breach of contract premised on actions alleged to have occurred during defendant's employment, not after her termination. The fourth cause of action is legally sufficient as it is therein alleged that defendant engaged in unfair competition with plaintiff by misappropriation and exploitation of confidential information in abuse of her relationship of trust with plaintiff and improper use of this information to solicit plaintiff's patients for her own behalf (*Allan Dampf, P. C. v Bloom*, 127 AD2d 719, 720, citing, *inter alia*, *Leo Silfen, Inc. v*

*Cream*, 29 NY2d 387). We also reject defendant's contention that the claim for tortious interference with contractual relations must fail because plaintiff did not have explicit contracts with its patients for their treatment. While treatment by a doctor does not give rise to an implied contract or give the doctor a property interest in the patient, the doctor and patient may nonetheless have a contractual relationship subject to unlawful interference (*see, e.g., Allan Dampf, P. C. v Bloom, supra*). We find no merit to defendant's attack on the claim for fraud pursuant to CPLR 3016 (b).

Plaintiff's claim for punitive damages, based on allegations that defendant removed the medical records of hundreds of patients in need of ongoing care, sets forth conduct which may be viewed as sufficiently egregious, reckless or "undertaken with wanton disregard for the public safety" (*Camillo v Geer*, 185 AD2d 192, 194), as would warrant such relief.

Finally, with respect to defendant's claim that she was entitled to judgment as to liability on her counterclaim for breach of contract based on plaintiff's alleged breach of a personnel manual, we find material issues of fact exist as to, *inter alia*, the applicability of the manual to the instant situation, precluding such relief. We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.