■ WINDSHIELD INSTALLATION NETWORK, INC., Respondent, v DAVID GOUDREAU, Appellant. [654 NYS2d 442] —Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered October 4, 1995 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant began his employment with plaintiff, an automobile glass installer, in January 1990. In March 1991, the par-

ties executed an owner/operator agreement, pursuant to the terms of which defendant agreed to perform work for plaintiff as an independent contractor. Insofar as is relevant to this appeal, the agreement contained a restrictive covenant providing that if said agreement was terminated for any reason, defendant was prohibited from competing with plaintiff for a period of five years within a 30-mile radius of the City of Syracuse, Onondaga County. Defendant subsequently resigned and, in December 1991, began working for a similar business that had been started by his spouse. Plaintiff thereafter commenced this action seeking enforcement of the restrictive covenant. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and this appeal by defendant ensued.

It is well settled that "restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law" (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499). To that end, "[a]nticompetitive employment agreements will only be enforced to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists or where the employee's services are unique" (*Orkin Exterminating Co. v Dayton*, 140 AD2d 748, 749; *see, Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 307-308).

Defendant argues on appeal that because he does not possess any extraordinary or unique skills, enforcement of the restrictive covenant at issue would violate public policy. Based upon our review of the record, however, we cannot say that Supreme Court erred in denying defendant's motion for summary judgment. In opposition to defendant's motion, plaintiff tendered sufficient proof in admissible form to raise a question of fact regarding, *inter alia*, whether defendant acquired, during his employment with plaintiff, confidential information and/or specialized knowledge pertaining to plaintiff's pricing strategy which, in turn, certainly would be relevant to plaintiff's ability to compete with defendant in the marketplace. Accordingly, Supreme Court's order should be affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.