OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiff, Sue Nigra, moves to enjoin defendant, Young Broadcasting of Albany, Inc., the parent company of television Station WTEN-TV (WTEN), from enforcing the restrictive covenant contained in plaintiffs employment contract with defendant dated June 1, 1996, and from in any way interfering with plaintiffs contractual relations with other employers. Plaintiff has fulfilled the terms of her two-year contract with WTEN and alleges that she has a job offer from another television station to work for twice the salary that WTEN offered to keep her. Plaintiff alleges that defendant uses a nonnegotiable employment contract as a means of paying most of its on-air personnel considerably less than the other commercial broadcasting stations in the area.
It is undisputed that WTEN’s contract permits it to terminate its employees without cause on 45 days’ written notice prior to each anniversary date. WTEN may also terminate employees without notice for “cause” as determined by the station in its “sole discretion” at all other times. The contract further provides that, regardless of whether WTEN terminates an employee or the employee does not renew its contract with WTEN at the salary that WTEN offers, for a year thereafter the employee may not even work for, much less appear on any commercial television station (including cable, closed circuit or pay television) that broadcasts or transmits to any place within the Albany-Schenectady-Troy area, unless its broadcast presence here is incidental to a national presentation. WTEN urges that if plaintiff wishes to pursue her career in broadcasting, she must do so outside defendant’s broadcast area.
WTEN claims that its “noncompetition” clause is not a coercive device used to depress wages, but is designed to protect its legitimate business interests. WTEN alleges that plaintiffs appearance on another channel would cause WTEN irreparable harm, due to her popularity and wide-ranging experience in “everything from state government news to changes in local health care”. WTEN alleges that plaintiff has “extensive knowledge of the local scene and has established invaluable contacts and sources” and there is “simply no candidate that possesses the same knowledge of the local scene or the unique mix of *666 qualities and characteristics” plaintiff possesses. Furthermore, plaintiff allegedly possesses a following of many loyal viewers who would follow her to another channel.
In order to prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, that (1) the movant will likely succeed on the merits of the action; (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction; (3) the balance of equities is in favor of the movant (see, CPLR 6301; Price Paper & Twine Co. v Miller, 182 AD2d 748; Grant Co. v Srogi, 52 NY2d 496). Turning to the likelihood of plaintiff succeeding on the merits of her claim, once the term of an employment agreement has expired, the general public policy favoring robust and uninhibited competition should not give way merely because an employer wishes to insulate itself from competition from a former employee (American Broadcasting Cos. v Wolf, 52 NY2d 394, 404). It is well established that restrictive covenants that tend to prevent an employee from pursuing a similar vocation after termination of employment are not favored by the law (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499; Windshield Installation Network v Goudreau, 237 AD2d 694, 695). Anticompetitive employment agreements, therefore, are enforced only to the extent necessary to protect the employer from unfair competition that stems from the employee’s use or disclosure of trade secrets or confidential customer lists or where the employee’s services are unique (Windshield Installation Network v Goudreau, supra).
WTEN does not allege that plaintiff will use trade secrets or confidential customer information, but relies on the uniqueness of plaintiff’s services to justify enforcement of the anticompetition clause. For purposes of assessing plaintiff’s likelihood of success, it is worth noting that “unique services” is a very slim reed which has never actually served as the sole basis for judicial enforcement of an anticompetition clause (American Broadcasting Cos. v Wolf, supra, at 403). Although WTEN has alleged that plaintiff will be able to compete with it, it has failed to establish that the competition would be unfair. Although plaintiff has undoubtedly learned a great deal of her craft while first volunteering and then working at WTEN, the station has not demonstrated any inherent unfairness in permitting her to compete with it by appearing on another station after being unable to negotiate a satisfactory new contract with it.
*667 Although WTEN denies using the anticompetition clause to depress salaries by forcing its employees to either accept low salaries or leave the region, defendant does not attempt to deny that the clause has that effect. Assuming that there is some legitimate business interest to the anticompetition clause, WTEN has failed to establish that it is reasonable or necessary for it to require plaintiff to work for half the salary that other television stations would pay her, or leave this area where she was raised and her immediate and extended family still lives, or leave broadcasting. Whatever legitimate business interest that WTEN has is outweighed by the unreasonable injury that its enforcement could inflict on plaintiff. Notwithstanding defendant’s argument that plaintiff is not irreparably harmed because she can always leave this area and work elsewhere, plaintiff has established irreparable harm.
The third prong of the test is whether the balance of the equities is in the movant’s favor. WTEN concedes that plaintiff more than met its requirements during her years of employment with WTEN. Now, by reason of her unwillingness to accept defendant’s offer of employment at an amount far below the market rate, WTEN seeks to render plaintiff unemployable in her area of experience and expertise in this her home region. Defendant’s desire to insulate itself from competition, while understandable, is simply not a ground for sustaining a non-competition agreement (American Broadcasting Cos. v Wolf, supra, at 404). It is not unfair to defendant if television viewers, who value plaintiff’s reporting more than defendant does, switch stations along with plaintiff. Such injury to WTEN cannot compare to the unfairness of driving the plaintiff out of work or this region.
Accordingly, the court grants plaintiff’s application for a preliminary injunction, enjoining the defendant, pending final determination of this action, from enforcing the restrictive covenant contained in the employment contract between the parties dated June 1, 1996 or, in any other way, interfering with the plaintiff’s contractual relations with any commercial broadcasting station, with costs to abide the event. The filing of an undertaking is waived.