■ CIGOGNE, INC., Respondent, v. LUXURY TRADING CORP. et al., Appellants.

APPEAL (1) from an order of the Supreme Court at Special Term, entered March 8, 1961, in New York County, which denied a motion by defendants for an order to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice and (2) from an order of said court, entered March 24, 1961, which granted a cross motion by plaintiff for an injunction *pendente lite.*

*Per Curiam.* The complaint alleges that plaintiff has a contract with Le Galion, a French corporation which manufactures perfume. By this contract plaintiff has the exclusive right of importation and distribution of Le Galion products in the United States. Among these products is a perfume to which the trade-mark name of Sortilege is applied. The complaint further alleges that the defendant, with full knowledge of the plaintiff's contract with Le Galion, is importing and selling the Sortilege perfume in this country. On these facts alone plaintiff seeks damages and an injunction. A motion to dismiss the complaint has been denied and an injunction restraining the sale of the product by defendant has been granted by Special Term.

In our opinion, the complaint does not state a cause of action. There is no allegation and, according to the affidavits on the injunction, there is no claim that defendant purchased the perfume which it imports from Le Galion. In fact, no contact or connection with Le Galion is claimed. The undisputed fact is that defendant purchases the Sortilege perfume in France from persons having no connection with Le Galion except that they have previously purchased the perfume from it. There is no allegation that these transactions in France in any way violate plaintiff's exclusive contract with Le Galion. Also, it is admitted that the product sold by defendant is the same in every way as that imported and sold by plaintiff. There is no misrepresentation to the public either as to the product or as to the source from which it emanates.

It is patent that no cause of action for interference with the plaintiff's contract with Le Galion is alleged. As defendant has had no connection or transactions with either of the parties to that contract, no interference with the contract can be inferred. Nor is there a cause of action for unfair competi-

tion. The basic question in such cases is whether the acts complained of are fair or unfair (*Fisher* v. *Star Co.*, 231 N. Y. 414). Here, there has been no showing of any act which contravenes any accepted commercial practice. Cases involving piracy of a product (*Metropolitan Opera Assn.* v. *Wagner-Nichols Recorder Corp.*, 199 Misc. 786, affd. 279 App. Div. 632; *Dior* v. *Milton*, 2 A D 2d 878) have no application. Nor are decisions in point which involve infringement of a trade mark (*Bourjois & Co.* v. *Katzel*, 260 U. S. 689). It is to be noted that plaintiff does not own the trade mark, that being the property of the manufacturer. As the complaint states no cause of action, the temporary injunction must likewise fall.

The order denying motion to dismiss complaint should be reversed on the law and motion granted. Order granting temporary injunction should be reversed on the law and the facts and motion for injunction denied.

Rabin, J. P., Valente, McNally, Eager and Steuer, JJ., concur.

Order entered on March 8, 1961, denying defendants' motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint, unanimously reversed, on the law, with $10 costs and disbursements to the appellants, and the motion granted, with $10 costs. Order entered on March 24, 1961, granting plaintiff's cross motion for an injunction *pendente lite*, unanimously reversed, on the law and on the facts, with $10 costs and disbursements to the appellants, and the motion for an injunction denied, with $10 costs.