■ CAPITALAND HEATING AND COOLING, INC., Appellant, v CAPITOL REFRIGERATION COMPANY, INC., Doing Business as CAPITOL HEATING AND COOLING COMPANY, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 13, 1987 in Albany County, which denied plaintiff's motion for partial summary judgment.

Donald Bronstein is president of defendant, Capitol Refrigeration Company, Inc., which was incorporated in 1947. In

1979, Bronstein became a principal stockholder of plaintiff, Capitaland Heating and Cooling, Inc., and the two enterprises became so closely related that plaintiff's letterhead referred to itself as "a division of Capitol Refrigeration Co., Inc.". By December 1985, the relationship between Bronstein and plaintiff's other principal, Gordon Dinger, had curdled. Bronstein then sold his interest in plaintiff with the understanding, however, that, with the exception of certain specifically named projects in progress, not relevant here, he would engage in direct competition with plaintiff. To this end, defendant moved across the street from where plaintiff was then located and began doing business as "Capitol Heating & Cooling Co., a division of Capitol Refrigeration Co., Inc." Bronstein specifically avers that his assumption of this trade name was not an attempt to deceive or mislead the public, but solely for the purpose of advising clients with whom he had developed business relationships over the years that he had returned to the heating and air-conditioning business.

Plaintiff brought this action in equity, alleging unfair competition and seeking monetary damages, together with a permanent injunction enjoining defendant from conducting business as "Capitol Heating & Cooling Co." or under any similar derivation. The thrust of plaintiff's complaint is that defendant's adoption of a name similar to plaintiff's, coupled with its nearby location, is likely to and has confused the public and constitutes unfair competition. Plaintiff's motion for partial summary judgment, seeking injunctive relief, was denied, prompting this appeal. We affirm.

The basic issue in a cause of action for unfair competition is "whether the acts complained of are fair or unfair" (*Cigogne, Inc. v Luxury Trading Corp.,* 13 AD2d 928, 929). Resolution of that issue requires a complex factual analysis of a variety of factors including the character and circumstances of the business (*International News Serv. v Associated Press,* 248 US 215, 236), and the nature of the alleged unfair practices (*Sample, Inc. v Porrath,* 41 AD2d 118, 121, *affd* 33 NY2d 961).

The record in the instant case does not demonstrate unfair practices so clearly that summary judgment lies. More specifically, a cause of action in unfair competition requires the plaintiff to prove some element of bad faith (*Saratoga Vichy Spring Co. v Lehman,* 625 F2d 1037, 1044). Defendant's bad faith is not made out by this record.

Plaintiff contends that seven misdirected service orders and misdelivered mail on the part of suppliers and customers of

the two parties proves that the name adopted by defendant resulted in confusion on the part of the public. However, these errors all occurred shortly after the two parties broke off their close association of some six years, during which period they shared the same clients, suppliers and mailing address. This, and the fact that even after their disassociation the parties for a time continued to have post-office boxes in the same post-office building, may well explain these mistakes.

There being triable material fact issues, summary judgment was properly denied.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., and Levine, JJ., concur.