■ URBAN HOLDING CORPORATION, Plaintiff and Counterclaim Defendant-Respondent-Appellant, v STEVEN B. HABERMAN, Defendant and Counterclaim Plaintiff-Appellant-Respondent. ARTHUR B. MALMAN et al., Counterclaim Defendants-Respondents-Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered February 17, 1989, which, *inter alia,* dismissed defendant Haberman's third, tenth and eleventh counterclaims, unanimously modified, on the law, to the extent of reinstating the third and tenth counterclaims, and otherwise affirmed, without costs.

Under CPLR 3211 (a) (7), a motion to dismiss is properly granted if the pleading fails to state a cause of action and is, therefore, defective on its face. *(See,* Siegel, NY Prac § 265.) As Judge Cooke succinctly stated in this regard, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail". *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977].) Irrespective of what "an ultimate trial may disclose as to the truth of the allegations, on such a motion [i.e., pursuant to CPLR 3211], a court is to take them as true and resolve all inferences which reasonably flow therefrom in favor of the pleader." *(Sanders v Winship,* 57 NY2d 391, 394 [1982].)

Upon our review of the pleadings, we conclude that the third and tenth counterclaims of appellant herein, Steven B. Haberman, state valid causes of action for, respectively, fraud in the inducement and promissory estoppel; consequently, the IAS court erred when it dismissed these counterclaims, upon the CPLR 3211 (a) (7) motion of the counterclaim defendants-respondents-cross-appellants herein, Martin Major, Arthur Malman and plaintiff Urban Holding Corporation (Urban), for failure to state a cause of action.

The IAS court, relying on *Manshul Constr. Corp. v City of New York* (143 AD2d 333, 334-336 [2d Dept 1988]), incorrectly determined that certain allegations of misconduct by Major

and Malman, who are attorneys as well as shareholders in plaintiff-respondent-cross-appellant Urban Holding Corporation, amounted only to their alleged failure to perform pursuant to their agreements with Haberman and, thus, did not relate to misrepresentations or concealments of fact, thereby rendering the third counterclaim, for fraud in the inducement, insufficient. While it is well settled that a cause of action for fraud in the inducement may not be maintained if the fraud relates to a breach of contract *(Manshul Constr. Corp. v City of New York,* 143 AD2d, *supra,* at 336; *accord, Gordon v De Laurentiis Corp.,* 141 AD2d 435 [1st Dept 1988]), Haberman's allegations do not relate solely to contractual obligations. Indeed, they clearly regard alleged deceptions which occurred previous to the formation of contracts providing that Major, Malman and Haberman would be partners in Urban, a joint venture, and contain all the necessary elements of a viable cause of action for fraudulent inducement. *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-408 [1958].) Thus, the third counterclaim should be reinstated.

Turning to the tenth counterclaim, we similarly find that the allegations contained therein are sufficient to state a valid cause of action for promissory estoppel. Haberman's pleadings properly allege a promise clear and unambiguous on its terms, reasonable and foreseeable reliance, and injury caused by his reliance. *(King & Son v De Santis Constr. No. 2 Corp.,* 97 Misc 2d 1063, 1066 [Sup Ct, NY County 1977]; *see also, CBS, Inc. v Ahern,* 108 FRD 14, 23-24 [SD NY 1985] [applying New York law].) While Malman, Major and Urban contend that the merger clause contained in section 5 (a) of one of the contracts, the subscription agreement, vitiates the claim asserted, we note that the merger clause is of a very general nature and does not contradict the allegations herein; moreover, in any event, it is unclear whether the parties intended this one merger clause to encompass all the agreements in issue. *(See, Hobart v Schuler,* 55 NY2d 1023, 1024 [1982].) Neither are we persuaded that the Statute of Frauds bars the claim.

We have examined the issues raised by the cross-appellants, and have determined that they are meritless.

Accordingly, we modify the order appealed from, on the law, to the extent of reinstating defendant and counterclaim plaintiff-appellant Haberman's third and tenth counterclaims, and except as modified, affirmed. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.