■ McGEE & GELMAN, Respondent, v PARK VIEW EQUITIES, INC., et al., Appellants. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed with costs to defendants in accordance with the following Memorandum: Defendants appeal from an order denying their motion for summary judgment and granting plaintiff's cross motion for

summary judgment; awarding plaintiff law firm $34,500 for legal services rendered to defendants in an underlying real property sale dispute and litigation between defendants and Textron; ordering a hearing concerning plaintiff's claim for additional costs and counsel fees incurred in the instant action; and dismissing defendants' answer and five counterclaims alleging plaintiff's malpractice, fraud, and breach of contract in the underlying representation. We conclude that the court properly dismissed defendants' second and third counterclaims alleging plaintiff's negligent pleading. Whether an attorney was negligent in failing to assert particular legal claims depends on whether the claims had any legal merit; an attorney is not guilty of malpractice in failing to assert claims that are not cognizable at law. Here, defendants' second and third counterclaims involve plaintiff's alleged negligent failure, in the underlying representation, to plead a counterclaim seeking damages for Textron's alleged breach of its promise to negotiate in good faith. A promise to negotiate in good faith is a mere promise to agree (see, Candid Prods. v International Skating Union, 530 F Supp 1330, 1336 [SD NY] [applying New York law]), which is insufficiently definite to be enforceable either by imposition of damages or by the extraordinary remedy of specific performance (Martin Delicatessen v Schumacher, 52 NY2d 105, 109-110; Willmott v Giarraputo, 5 NY2d 250, 253). Because the counterclaim that defendants sought to have their attorney assert was patently lacking in merit, the attorney cannot be liable for failing to assert it.

Similarly, we conclude that the court properly dismissed defendants' fourth and fifth counterclaims alleging plaintiff's fraud and breach of contract with respect to legal fees. Defendants allege that the parties agreed, or that defendants were misled to understand, that plaintiff would represent defendants on a contingent fee or partnership basis rather than at an hourly rate. Defendants allege that plaintiff breached that understanding when it later billed defendants on an hourly basis for legal services rendered. The parties' fee arrangement, however, is embodied in two integrated writings, the retainer agreement and the guarantee agreement, which unequivocally provide that Park View would pay plaintiff on an hourly basis for representing it in the Textron litigation and set forth Frank's promise to assume liability for that debt in the event of Park View's nonpayment. Defendants' allegations constitute an impermissible attempt to modify or contradict the clear and unambiguous terms of those integrated writings. Further, insofar as defendants allege that plaintiff breached a

provision of the guarantee agreement that provided that the parties would "continue to discuss the possibility" of an alternative fee arrangement, the claim is not cognizable at law *(Martin Delicatessen v Schumacher, supra; Candid Prods. v International Skating Union, supra,* at 1336-1338).

We modify the order, however, insofar as it dismissed defendants' first counterclaim alleging that plaintiff was guilty of malpractice in erroneously advising defendants concerning the effect of Textron's agreement to negotiate in good faith. According to defendants' allegations and proof, plaintiff incorrectly advised defendants that Textron's promise to negotiate a sale agreement in good faith would allow defendants, in the event of Textron's refusal to negotiate, to maintain an action to compel Textron to sell the property to defendants. Defendants allege that, in reliance on that incorrect advice, they allowed the "lock-in" option agreement to expire. They allege that they were misled into believing that Textron was obligated to sell them the property on other acceptable terms during the remaining negotiation period. Plaintiff denies that such advice was given. Whether such advice was given, and, if it was, whether it amounted to legal malpractice and whether it caused defendants to allow the option to expire, are all questions of fact that preclude summary judgment on the first counterclaim. The same questions of fact also preclude the grant of summary judgment to plaintiff on the complaint and the order is modified accordingly. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ. [As amended by unpublished order entered Feb. 5, 1993.]