■ SABITHA RAO, Appellant, v ROBERT W. VERDE et al., Respondents. [635 NYS2d 660] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 13, 1994, as granted the branches of the defendants' motions pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first, second, fourth, fifth, and sixth causes of action in the complaint.

Ordered that the order is modified by deleting the provisions thereof which granted the branches of the defendants' motions

which were to dismiss the fourth, fifth, and sixth causes of action for unfair use of trade secrets, unfair competition, and fraud, and substituting therefor a provision denying those branches of the defendants' motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

The Supreme Court properly determined that the documentary evidence consisting of the agreement to "negotiate in good faith to arrange a more formal agreement" for the sale of the plaintiff's decedent's orthopedic practice constituted a complete defense as a matter of law to the first cause of action alleging breach of contract and seeking compensatory damages (*see, Leon v Martinez*, 84 NY2d 83; *Goodstein Constr. Corp. v City of New York*, 80 NY2d 366; *Martin Delicatessen v Schumacher*, 52 NY2d 105, 109-110; *Willmott v Giarraputo*, 5 NY2d 250, 253; *Lo Cascio v James V. Aquavella, M.D., P. C.*, 206 AD2d 96, 99; *McGee & Gelman v Park View Equities*, 187 AD2d 1012, 1013; *see also*, General Obligations Law § 5-701 [a] [10]).

In addition, the Supreme Court properly determined, based on the documentary evidence, that the complaint failed to state a cause of action for conversion, inasmuch as the defendants agreed to and arranged for the return of all medical records and patient lists and vacated the premises upon the plaintiff's demand (*see, Sporn v MCA Records*, 58 NY2d 482, 487; *Mauro v Andrews*, 200 AD2d 392). While the plaintiff claims that the conversion cause of action remains viable because the defendants continued to use information that they learned from such documents, this amounts to a claim for conversion of intangible property which is not actionable under New York law (*see, MBF Clearing Corp. v Shine*, 212 AD2d 478). Therefore, the second cause of action was properly dismissed.

Nonetheless, in light of the allegations that the defendants have continued to use information, *inter alia*, from patient lists to solicit the decedent's former patients, the Supreme Court erred in dismissing the fourth and fifth causes of action for unfair use of trade secrets and unfair competition (*see, Ashland Mgt. v Janien*, 82 NY2d 395, 407; *Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392-393; *Montrallo v Fritz*, 176 AD2d 1215; *Capitaland Heating & Cooling v Capitol Refrig. Co.*, 134 AD2d 721, 722; *Allan Dampf, P. C. v Bloom*, 127 AD2d 719, 720; *see also, Matter of American Preferred Prescription v Health Mgt.*, 186 Bankr 350; *compare, Brian E. Weiss, D.D.S., P. C. v Miller*, 166 AD2d 283, *affd* 78 NY2d 979).

The allegations in the sixth cause of action that the defendants promised to pay fair market value for the practice which induced the plaintiff to enter into the agreement to negotiate a more formal agreement, and to allow the defendants to utilize the decedent's office and equipment and service the decedent's former patients, adequately state a cause of action for fraud (*see, Urban Holding Corp. v Haberman*, 162 AD2d 230, 231; *Rogal v Wechsler*, 135 AD2d 384; *Brown v Lockwood*, 76 AD2d 721, 730).

We have considered the plaintiff's remaining contention and find it to be without merit (*see,* CPLR 3211 [e]; *Bardere v Zafir*, 63 NY2d 850, 851-852). Mangano, P. J., Bracken, Rosenblatt and Hart, JJ., concur.