■ ROEMER AND FEATHERSTONHAUGH, P. C., Appellant, v JAMES D. FEATHERSTONHAUGH et al., Defendants, and THREE FEATHERS, INC., Respondent. [699 NYS2d 603] —Mercure, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered August 12, 1998 in Albany County, which granted a motion by defendant Three Feathers, Inc. to dismiss the complaint against it for, *inter alia*, failure to state a cause of action.

Defendant James D. Featherstonhaugh is a former principal and employee of plaintiff, a professional corporation providing legal, lobbying, marketing and consulting services. As relevant to this appeal, the complaint alleges causes of action sounding in conversion and fraud claiming that Featherstonhaugh and defendant Elizabeth K. Clyne, another employee of plaintiff, diverted property properly belonging to plaintiff to Featherstonhaugh (money and stock options) and to defendant Three Feathers, Inc. (hereinafter the corporation), a close corporation owned by Featherstonhaugh and his wife (two parcels of real property). Supreme Court granted the corporation's preanswer motion to dismiss the complaint against it and plaintiff appeals.

We affirm. Initially, we agree with Supreme Court that the conversion cause of action based upon the corporation's alleged receipt and possession of two parcels of real property fails to state a cause of action. Fundamentally, the subject matter of a conversion action must constitute identifiable tangible personal property (*see*, 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, §§ 4, 5, 11). Thus, whether the property claimed to have been converted is real property, as alleged in the complaint, or an interest or expectancy in a business opportunity, as plaintiff now alleges, conversion will not lie. In our view, neither *Glenn v Hoteltron Sys.* (74 NY2d 386) nor *Matter of Greenberg (Madison Cabinet & Interiors)* (206 AD2d 963) holds to the contrary.

Next, we conclude that the corporation's mere possession of the real property that Featherstonhaugh is alleged to have acquired for less than market value cannot support a fraud

cause of action against the corporation, either on a primary or an "aider and abettor" theory. Notably, the complaint alleges no facts that would support a finding that plaintiff was damaged by its reliance on any misrepresentations by the corporation (*see, King v Schonberg & Co.*, 233 AD2d 242; *National Westminster Bank v Weksel*, 124 AD2d 144, *lv denied* 70 NY2d 604) or that any relationship existed between the corporation and plaintiff such as would have given rise to an independent duty to act (*see, National Westminster Bank v Weksel, supra*). In fact, because plaintiff provided legal representation to the corporation in connection with the latter's purchase of the subject real property, any duty to disclose was owed by plaintiff to the corporation.

The parties' additional contentions need not be considered.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.