*657 OPINION OF THE COURT
Richard B. Lowe, III, J.
In the instant action, plaintiff Brian D. Bones brings a cause of action for promissory estoppel against defendants Prudential Financial, Inc. and Prudential Insurance Company of America (collectively, the defendants). In the instant motion, the defendants seek to dismiss this claim pursuant to CPLR 3211 (a) (7).
Background
Bones is a New Jersey resident. In June 1997, he joined Prudential Financial as a director of group life insurance sales; his employment was at will. Prudential Financial is a New Jersey corporation, with its principal place of operations in Newark, New Jersey. It is in the mutual insurance business. Prudential Life Insurance Company of America is Prudential Financial’s subsidiary. Its primary place of business is also in New Jersey.
During Bones’ tenure at Prudential, he alleges that he was responsible for developing life insurance sales business plans. (See original complaint at 4, K 14.) He further avers that among his achievements was a new business initiative where awards were given to brokers who brought business to Prudential. (Id. at 4-5, 1ÍK 18-22.) Moreover, he purportedly had signatory authority to award special compensation to brokers, but needed to report to his supervisors and Prudential’s legal department on his activities. (Id. at 4, 111115, 17.) Everything he did allegedly met with their approval.
In his original complaint, Bones alleged that, in 2004, based upon information and belief, the New York State Attorney General began to investigate the defendants regarding illegal kickbacks and commissions, bid rigging, price fixing, and cross-subsidization. (See id. at 2, 1i 4.) At the same time, the California Insurance Department filed an action against Prudential and others in California state court for making undisclosed payments to brokers in order to induce the latter to steer clients toward the former. (Id. at 7, K 35.) In response to these investigations, a derivative action was filed against Prudential. (Id. at 8, II 37.) Bones pleaded that he conducted an internal investigation concerning the pricing differentials and cross-subsidization as well, and reported his findings to Prudential’s legal department and management. (Id. at 14, 1Í1Í 87-88.)
On January 23, 2005, after Bones made his internal inquiry known, he was suspended for an unspecified amount of time. *658 {Id. H 89.) The defendants aver that the reason for the suspension was his involvement in the firm’s broker compensation program. {See mem in opposition at 3.) During the suspension, Bones alleges that Prudential assured him that he would get paid his 2004 performance-based bonus, and that his employee options would continue to vest. {See original complaint at 9, 1111 46-48.) However, he could not exercise his options at that time. {Id.) On December 3, 2005, Bones was terminated as a result of the investigation. Prudential forfeited Bones’ vested stock options.
On June 7, 2006, after Prudential terminated him, Bones testified before the New York Attorney General. {Id. at 10,1i 52.) In December 2006, Prudential settled with the New York Attorney General’s office with a $19 million payout. {Id. at 8, 1139.)
Bones commenced the instant action on February 20, 2007 asserting claims for breach of contract, wrongful termination in violation of Labor Law §§ 215 and 740 (the New York whistle-blower statute), and promissory estoppel. On April 16, 2007, prior to answering the complaint, the defendants filed the instant motion to dismiss pursuant to CPLR 3211 (a) (7).
The defendants moved to dismiss the whistleblower cause of action on the grounds that it fails to state a claim, is barred by the statute of limitations, and New York County is not the proper venue for it. Moreover, they moved to dismiss the breach of contract and promissory estoppel claims premised on their argument that the whistleblower claim assertion bars these since all originate from the same factual background. They also argue that Bones fails to plead a cognizable claim for breach of contract and promissory estoppel, irrespective of the whistle-blower claim.
Subsequent to the instant motion’s service, Bones filed an amended complaint as of right pursuant to CPLR 3025 (a), which reads, “A party may amend [her/his] pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it.” Bones was in accordance with this CPLR provision to file his first amended complaint because it was within the time frame allotted for him to respond to the instant motion.
In his amended complaint, Bones withdrew the whistleblower cause of action, with only those actions for breach of contract and promissory estoppel remaining. In their reply brief, the *659 defendants argue that since Bones initially asserted a whistle-blower cause of action that bars other claims arising from the same facts, the former’s withdrawal still does not permit the latter two.
In a letter dated August 1, 2007, Bones notified the court that he withdrew his breach of contract claim with the defendants’ consent, leaving only that for promissory estoppel. Accordingly, only two issues will be discussed: whether Bones adequately pleaded promissory estoppel and whether the now-withdrawn whistleblower claim bars it.
Discussion
I. The Promissory Estoppel Claim
“A party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the pleading fails to state a cause of action” (CPLR 3211 [a] [7]). In a motion to dismiss, the court takes the facts as alleged in the complaint as true and accords the benefit of every possible favorable inference to the nonmovant (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582 [2005]). “The sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail.” (Urban Holding Corp. v Haberman, 162 AD2d 230, 230 [1st Dept 1990].) To avoid dismissal of a promissory estoppel claim, a plaintiff must allege (i) an unambiguous promise; (ii) reasonable and foreseeable reliance on the promise; and (iii) injury as a result of that reliance. (See id. at 231.) As to the promise, Bones alleges that he was assured, unambiguously, that his 2004 bonus was being held in abeyance pending the suspension, and that his options would continue to vest. (See amended complaint at 6, U 31; 9, 1111 54-55.) The pleading satisfies the first element because Bones identifies a specific promise made by individuals who were in the position to carry out said promise’s terms. (See Urban, supra.)
Next, Bones pleads that he “acted in accordance with any and all requests made to him by Prudential” and that he “relied on Prudential’s conditions that he would be required to cooperate fully with all [their] instruction.” (Amended complaint at 6, If 32; 9-10, 1f 57.) Moreover, “[i]n reasonable and foreseeable reliance on Prudential’s promise, [he] did not seek alternative employment for the 2005 year.” (Id. at 10, If 58.) Affording *660 Bones’ allegations the requisite liberal construction, he adequately pleaded that he reasonably relied on the alleged promise. Indeed, in anticipation of his compensation, he purports that he complied with all of Prudential’s directives and did not seek employment.
Finally, he pleaded that he “suffered a substantial change in position, causing unconscionable injury.” (Id. at 10, If 58.) This change of position is that of employment. He did not seek employment, relying on Prudential’s promise. The alleged sustained injury is that of monetary loss, due to his reliance on the promise.
In reviewing a defendant’s motion to dismiss pursuant to CPLR 3211 (a) (7), a court need not look to see if the plaintiff proves the claim in the pleadings; rather it will look only at this stage to see if he states a cognizable cause of action despite how poorly drafted it may be. (See Mandelblatt v Devon Stores, 132 AD2d 162 [1st Dept 1987].) From the four corners of his complaint, Bones pleaded such a claim for promissory estoppel. But before a decision can be rendered on the instant motion, this court must determine whether Bones can indeed maintain this claim.
II. New York’s Whistleblower Statute and Other Factually-Identical Claims
Under New York’s whistleblower statute, “An employee who has been the subject of a retaliatory personnel action . . . may institute a civil action in a court of competent jurisdiction” (Labor Law § 740 [4] [a]). Furthermore, “the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract . . . law ... or under the common law.” (Labor Law § 740 [7].) The waiver occurs when the other claims arise out of the same alleged wrongful discharge. (See Hayes v Staten Is. Univ. Hosp., 39 AD3d 593 [2d Dept 2007].)
In his original complaint, Bones’ whistleblower claim is premised on his contention that he was “wrongfully terminated] . . . due to his cooperation in the investigations of Prudential” (original complaint at 15, If 91). Summarily, this claim arose from the factual background whereby the government commenced an investigation into Prudential’s alleged illegal practices, Bones conducted the internal investigation, he cooperated with the government, and Prudential purportedly terminated him as a result of said inquiry. The promissory estoppel claim is based on Bones’ allegation that Prudential promised *661 to pay him the bonus and stock options allegedly due, he was eventually terminated, Prudential forfeited said options and awards despite the fact that he fully cooperated with all their instructions and directions, and he relied detrimentally on this promise that he would get paid a bonus and vested options. (Id. at 15-16,1Í1Í 96-103.) To be sure, these two claims in the original complaint derive from the same factual background: Bones assisted the New York Attorney General’s office with their inquiry, and as a result he was terminated and the compensation due was extinguished.
The amended complaint pertains to “the Defendants’ failure to pay Mr. Bones amounts owed to him” (amended complaint at 1, 1i 1). Accordingly, the promissory estoppel claim is void of any reference to the governmental investigation, and is premised solely on Bones’ assertion that he was promised certain financial awards that he ultimately did not receive. (See id. at 9-10, ¶¶ 53-60.) “The issues involving the original complaint are moot when [either by right or with the court’s leave]” the plaintiff amends her/his complaint. (Chalasani v Neuman, 64 NY2d 879 [1985].) Therefore, in general, the whistleblower’s claim is no longer applicable to the instant action.
The defendants, however, argue that the New York courts have carved an exception to this general rule when the plaintiffs amended complaint, as here, withdraws a whistleblower claim. The basis for their argument is case law holding that a plaintiff cannot preserve claims derived from the same facts as the now-removed whistleblower cause of action. (See Hayes; Rotwein v Sunharbor Manor Residential Health Care Facility, 181 Misc 2d 847 [Sup Ct, Nassau County 1999]; Owitz v Beth Israel Med. Ctr., 1 Misc 3d 912[A], 2004 NY Slip Op 50046[U] [Sup Ct, NY County 2004].) The facts contained therein, however, are distinct from those in the instant action.
In all of the cases cited, the issue had been joined, unlike the instant action. There, as is here, the defendants moved to dismiss and cited, as one of their reasons, the whistleblower statute’s waiver provision. In response, the plaintiffs cross-moved, and sought the court’s leave to amend their complaint pursuant to CPLR 3217 (b) to withdraw the whistleblower claim; they could not move as of right under CPLR 3025 (a). The respective court, in its discretion, denied the cross motion finding that the plaintiffs’ request was a not-so-subtle attempt to circumvent the motion’s likely granting.
The facts in the instant motion warrant a different outcome. Bones amended his complaint as of right; this court has no *662 discretion in permitting or denying said amendment when it is done within the statutorily-prescribed time frame and manner. What remains therefore is a complaint asserting a promissory estoppel cause of action. To be sure, those who are familiár with the original complaint are aware that the previously-asserted whistleblower claim and the present promissory estoppel cause of action relate to the same background facts. But that prior complaint is now moot. (See Chalasani.)* Accordingly, Bones asserts a cognizable claim for promissory estoppel in a properly commenced complaint. The defendants’ motion to dismiss is denied.
Conclusion
For the foregoing reasons, it is hereby ordered that the defendants’ motion for dismissal pursuant to CPLR 3211 (a) (7) is denied.

 Since the whistleblower cause of action is moot, the defendants’ claim for attorney’s fees premised on Labor Law § 740 (6) is also rendered moot.