■ DAVID VOLODARSKY, Derivatively as a Shareholder of MOONLIGHT AMBULETTE SERVICE, INC., Respondent, v MOONLIGHT AMBULETTE SERVICE, INC., et al., Appellants. [996 NYS2d 121]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 15, 2012, as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging conversion and to impose a constructive trust.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff holds a 29.5% interest in Moonlight Ambulette Services, Inc. (hereinafter Moonlight). He commenced this action, derivatively on behalf of Moonlight, and in his individual capacity, alleging that the other owners of Moonlight wrongfully wound down the corporation and formed other corporations to conduct Moonlight's business so as to deprive him of his ownership interest. The second amended complaint included causes of action alleging conversion and to impose a constructive trust on 29.5% of the shares of certain defendant corporations for the benefit of the plaintiff individually.

The defendants cross-moved, inter alia, for summary judgment dismissing numerous causes of action. The Supreme Court, among other things, denied those branches of the cross motion which were for summary judgment dismissing the conversion and constructive trust causes of action.

The Supreme Court properly determined that the defendants failed to meet their prima facie burden of demonstrating entitle-

ment to judgment as a matter of law dismissing the conversion cause of action. The subject matter of a conversion cause of action " 'must constitute identifiable tangible personal property'; real property and interests in business opportunities will not suffice" (*ARB Upstate Communications LLC v R.J. Reuter, L.L.C.*, 93 AD3d 929, 931-932 [2012], quoting *Roemer & Featherstonhaugh v Featherstonhaugh*, 267 AD2d 697, 697 [1999]; *see Rao v Verde*, 222 AD2d 569, 570 [1995]). However, electronic documents stored on a computer may be the subject of a conversion claim just as printed versions of the documents may (*see Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283, 292-293 [2007]). On their cross motion, the defendants failed to demonstrate that the client accounts alleged to have been converted did not exist in tangible form, such as computerized or paper client lists. Accordingly, that branch of the cross motion which was for summary judgment dismissing the conversion cause of action was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Further, the Supreme Court properly denied that branch of the cross motion which was for summary judgment dismissing the cause of action to impose a constructive trust on 29.5% of the shares of certain defendant corporations for the benefit of the plaintiff individually. The defendants failed to meet their prima facie burden of demonstrating that they were not unjustly enriched (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Dee v Rakower*, 112 AD3d 204 [2013]; *Front, Inc. v Khalil*, 103 AD3d 481, 483 [2013], *lv granted* 22 NY3d 859 [2014]; *Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688 [2012]; *Fellner v Morimoto*, 52 AD3d 352, 353 [2008]; *Poling Transp. Corp. v A & P Tanker Corp.*, 84 AD2d 796, 797 [1981]). Moreover, it cannot be concluded as a matter of law that the plaintiff has an adequate legal remedy (*see Columbo v Columbo*, 50 AD3d 617 [2008]; *Henness v Hunt*, 272 AD2d 756 [2000]). Accordingly, the court properly denied this branch of the defendants' cross motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.