◼ C & B Enterprises USA, LLC, et al., Respondents-Appellants, v Phyllis Koegel, Defendant/Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. Mark Rosenberg, Also Known as Chaim Rosenberg, Third-Party Defendant-Respondent. [26 NYS3d 185]—

In an action, inter alia, for declaratory relief and to recover damages for slander of title, the defendant/third-party plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Kings County (Demarest, J.), dated November 6, 2013, which, among other things, denied those branches of her motion which were for summary judgment dismissing the complaint insofar as asserted against her, summary judgment on her counterclaims and the third-party complaint, and summary judgment dismissing the plaintiffs' 7th, 12th, and 15th affirmative defenses to her counterclaims and the third-party defendant's 7th and 12th affirmative defenses to the third-party complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same

order as denied that branch of their motion which was for summary judgment dismissing the defendant third-party plaintiff's counterclaims.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the 1st, 2nd, and 3rd causes of action insofar as asserted against her, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the plaintiffs' 12th affirmative defense to the counterclaims and the third-party defendant's 12th affirmative defense to the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant/third-party plaintiff payable by the plaintiffs.

The Supreme Court should have granted that branch of the motion of Phyllis Koegel, the defendant/third-party plaintiff, which was for summary judgment dismissing the first and second causes of action insofar as asserted against her. Those causes of action allege conversion. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). The subject matter of a conversion cause of action " 'must constitute identifiable tangible personal property'; real property and interests in business opportunities will not suffice" (*ARB Upstate Communications LLC v R.J. Reuter, L.L.C.*, 93 AD3d 929, 931-932 [2012], quoting *Roemer & Featherstonhaugh v Featherstonhaugh*, 267 AD2d 697, 697 [1999]; *see Volodarsky v Moonlight Ambulette Serv., Inc.*, 122 AD3d 619, 620 [2014]). Here, the first cause of action seeks to recover damages for conversion based upon Koegel's alleged interference with the right of the plaintiff C & B Enterprises, USA, LLC (hereinafter C & B), "to possession of its Property," and the second cause of action seeks to recover damages for conversion based upon Koegel's alleged interference "with [the plaintiff Abraham Rosenberg's] right to possession of his ownership of C & B." Inasmuch as the subjects of these causes of action are real property and Abraham Rosenberg's interest in a business, respectively, a cause of action in conversion does not lie (*cf. Volodarsky v Moonlight Ambulette Serv., Inc.*, 122 AD3d

at 620). In opposition to Koegel's prima facie showing of her entitlement to judgment as a matter of law dismissing the first and second causes of action insofar as asserted against her, no triable issue of fact was raised.

In addition, the Supreme Court should have granted that branch of Koegel's motion which was to dismiss the third cause of action, which alleges trespass, insofar as asserted against her. "[A] trespass claim represents an injury to the right of possession, and the elements of a trespass cause of action are an intentional entry onto the land of another without permission" (*Ivory v International Bus. Machines Corp.*, 116 AD3d 121, 129 [2014] [citation omitted]). "[C]ourts have precluded trespass claims where the entry or intrusion was intangible" (*id.* at 129-130). Here, the cause of action to recover damages for trespass alleges only that Koegel prevented the plaintiffs from mortgaging the subject real property. Accordingly, Koegel made a prima facie showing of her entitlement to judgment as a matter of law dismissing the third cause of action insofar as asserted against her and, in opposition, no triable issue of fact was raised.

The Supreme Court properly denied that branch of Koegel's motion which was for summary judgment on her counterclaims and the third-party complaint. As Koegel failed to eliminate all triable issues of fact, she failed to establish her prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). As the plaintiffs likewise failed to eliminate all triable issues of fact, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing Koegel's counterclaims.

However, the Supreme Court should have granted that branch of Koegel's cross motion which was for summary judgment dismissing the plaintiffs' 12th affirmative defense to her counterclaims and the third-party defendant's 12th affirmative defense to the third-party complaint. Those affirmative defenses are based on the statute of frauds. The statute of frauds is not a bar to Koegel's counterclaims and the third-party complaint, as it "does not render void oral partnership agreements to deal in real property because the real property becomes partnership property" (*Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *see Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038, 1039 [2010]).

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.