■ QIN JUN YING et al., Appellants, et al., Plaintiff, v MAY FLOWER INTERNATIONAL, INC., et al., Respondents. [49 NYS3d 706]—

In an action, inter alia, to recover damages for misrepresentation, conversion, and breach of contract, the plaintiffs Qin Jun Ying and James G. J. Ying appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 9, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the second amended complaint insofar as asserted against them by the plaintiffs Qin Jun Ying and James G. J. Ying, and (2) so much of a judgment of the same court, dated September 11, 2014, as, upon the order, dismissed the second amended complaint insofar as asserted against the defendants by the plaintiffs Qin Jun Ying and James G. J. Ying.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the second amended complaint insofar as asserted by the plaintiffs Qin Jun Ying and James G. J. Ying against the defendants May Flower International, Inc., J&Y USA Trading, Inc., Xia Jian Liu, Min Liu, Liu Yue Jun, and Guan Rong Dai; as so modified, the judgment is affirmed insofar as appealed from, those branches of the defendants' motion which were for summary judgment dismissing the second amended complaint insofar as asserted by the plaintiffs Qin Jun Ying and James G. J. Ying against the defendants May Flower International, Inc., J&Y USA Trading, Inc., Xia Jian Liu, Min Liu, Liu Yue Jun, and Guan Rong Dai are denied, the second amended complaint insofar as asserted by the plaintiffs Qin Jun Ying and James G. J. Ying against the defendants May Flower International, Inc., J&Y USA Trading, Inc., Xia Jian Liu, Min Liu, Liu Yue Jun, and Guan Rong Dai is reinstated, and the order dated May 9, 2014, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs Qin Jun Ying and James G. J. Ying.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This action stems from a dispute among the shareholders of the defendant J&Y USA Trading, Inc. (hereinafter J&Y). The plaintiffs Qin Jun Ying and James G. J. Ying (hereinafter together the Yings), each of whom allegedly owns 25% of J&Y, contend that they were frozen out or squeezed out of J&Y by their fellow shareholders and business partners, the defendants Liu Yue Jun and Guan Rong Dai (hereinafter together the shareholder defendants). The Yings assert numerous causes of action against the shareholder defendants, some individually and others derivatively on behalf of J&Y, including allegations that the shareholder defendants misappropriated or secreted corporate funds, and that they failed to repay the Yings' capital contributions. The Yings also assert various causes of action against the defendant May Flower International, Inc. (hereinafter May Flower), which, inter alia, stored property belonging to J&Y pursuant to an agreement dated November 19, 2007. The individual defendants Xia Jian Liu and Min Liu (hereinafter together the Lius) are alleged to be the principals of May Flower, and the defendant Xia Jian Liu owns the defendant Fu Xiang Yuan Trading, Inc. (hereinafter FXY Trading).

In support of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the Yings against J&Y and the shareholder defendants, those defendants failed to establish their prima facie entitlement to judgment as a matter of law, as their motion papers failed to resolve material disputed issues of fact relating, inter alia, to the ownership of J&Y, the repayment of the Yings' capital contributions, and the allegations that the shareholder defendants misappropriated or secreted corporate funds. Accordingly, the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the Yings against J&Y and the shareholder defendants should have been denied regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Volodarsky v Moonlight Ambulette Serv., Inc.*, 122 AD3d 619 [2014]).

May Flower, the Lius, and FXY Trading established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by the Yings (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the Yings raised triable issues of fact as to May Flower and the Lius (*see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 115 [2009]), but failed to raise any triable issue of fact as to FXY Trading. Accordingly, the Supreme Court properly granted summary judgment

dismissing the second amended complaint insofar as asserted against FXY Trading, but should have denied such relief as to May Flower and the Lius. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.

Motion by the respondents on an appeal from an order of the Supreme Court, Kings County, dated May 9, 2014, and a judgment of the same court dated September 11, 2014, to strike Point II of the appellants' brief on the ground that the appellants were not aggrieved by the portions of the order and the judgment addressed in Point II. By decision and order on motion of this Court dated September 18, 2015, that branch of the respondents' motion to which was to strike Point II of the appellants' brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the respondents' motion which was to strike Point II of the appellants' brief is denied. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.