■ RAYMOND G. SALEEBY, Appellant, v REMCO MAINTENANCE, LLC, et al., Respondents. [50 NYS3d 330]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 26, 2016, which granted defendants' motions to dismiss plaintiff's claim for conversion and his contract claims as to defendants Tilton and Patriarch, unanimously affirmed, with costs.

While plaintiff pleaded facts and damages in support of his conversion claim that were independent of his breach of contract claim, his 7.5% "common interest" ownership share in a limited liability company was a type of intangible property

that could not be the subject of a conversion claim (see *C & B Enters. USA, LLC v Koegel*, 136 AD3d 957, 958 [2d Dept 2016]; *Peters v Gould*, 2012 NY Slip Op 33913[U], *19-20 [Sup Ct, NY County 2012]).

Plaintiff's breach of contract claim against Tilton, in her role as manager of Remco LLC was also properly dismissed. As a manager, Tilton is not liable for the debts of the LLC (see Del Code Ann tit 6, § 18-303). Plaintiff's attempt to use the limitation of liability provision in the LLC's operating agreement is unavailing. Such provisions cannot be used to create additional duties on the manager (see *Fisk Ventures, LLC v Segal*, 2008 WL 1961156, 2008 Del Ch LEXIS 158 [May 7, 2008], *affd* 984 A2d 124 [Del 2009]; *Dawson v Pittco Capital Partners, L.P.*, 2012 WL 1564805, 2012 Del Ch LEXIS 92 [Apr. 30, 2012]).

Finally, plaintiff's claims for breach of contract against Tilton and Patriarch under an alter ego theory were properly dismissed. Plaintiff alleged no more than that Tilton was manager of Remco, and president of the entities that held a majority ownership of Remco. Patriach was alleged to simply have an ownership or management role with regard to those other entities. This was clearly insufficient to impose alter ego liability (see *Doberstein v G-P Indus., Inc.*, 2015 WL 6606484, *4, 2015 Del Ch LEXIS 275, *12-15 [Oct. 30, 2015, CA No. 9995-VCP]). Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.